Good morning, Your Honor. May it please the Court, Christopher Prince of Lesmick, Prince LLP, for the reorganized Meruelo Maddux Properties, 760 South Hill Street, LLC. By way of a brief explanation, I'll be appearing on both of the matters before the Court for the Meruelo Maddux entities, but on the second matter, essentially the debtor no longer has a position and I will just cede my time to the County and let them argue the position, unless Your Honors have any particular questions about the procedural posture of the case for me in that argument. I think the question on our minds is why isn't this case moot, so maybe you can start with that. I suspect after two orders asking me to look at the question that that might not be on Your Honor's minds. Starting with the 760 South Hill case, because it presents us a different mootness issue, there would be two aspects, and I suppose somewhat unusual, and I think both parties to the appeal agree that it should be decided, but clearly the Court has concerns. And I will let Bank of America's counsel sort of add his view of the mootness issue. But as I see it, there's two mootness issues. One is, from a certain perspective, the parties agree it is moot in the technical sense, but there is the exception of repetition, which would allow the appeal to be decided. And then the second half is technically the confirmation order that mooted the appeal is itself on appeal before the United States District Court. Judge Wilson? On the first part, doesn't the Lee case say it has to be capable of repetition between the same parties? That's right, Your Honor. And I'm in a somewhat of an awkward position on that, because representing debtor, we have no intention of filing for bankruptcy again. The company is healthy. Does your client actually exist anymore? So what happens to these little LLCs that you sort of vaguely say, well, they're all reorganized via the confirmed plan? Is there a Hill LLC anymore? There still is. The process of bankruptcy, a company files a Chapter 11 petition. It is in Chapter 11 protection. A plan of reorganization is confirmed. It's not exactly a successor entity, but the entity becomes the reorganized. So there is a reorganized Morello House Property 760 South Hill LLC that still owns these same properties, that still has the same loan with the same lender, and has modified the loan in accordance with the plan. To get into the metaphysical details of what the difference is between a debtor, a debtor in possession and a reorganized debtor kind of makes the head spin. It's a little bit like the, if you're Catholic, it's a little bit like the Trinity, the idea of there being three separate but yet one. But for the purpose of this case, there is a borrower that the entity, Morello Maddox Properties 760 South Hill, still exists, still owns the same property, still has the same... So from the corporate perspective, there's a continuity of corporate person even though management has changed? Is that what you're telling us? That's right. Our bankruptcy plan in essence was a takeover of the company by minority shareholders. So they got an outside investor to come in, buy the equity in the parent company, which gave the former minority shareholders, became majority shareholders, ousted management, took over the company. But it is all the same property flowed through. And in this particular instance, because it was what we call a hundred cent plan, people were paid in full and equity was allowed to retain its interest. So even in that respect, it's slightly different. So to return to the Lee case, I think there's a reasoning in Lee that is implicit but should probably be made explicit. If you look at what happened in Lee, essentially the issue was mooted by the voluntary conduct of the defendants to fix the problem. There were directors who apparently were improperly voted in. The defendants agreed that these directors would not sit, would not do anything, and they would hold a shareholders meeting that would install properly elected directors. And that took care of the problem. And so there was never any injury to the plaintiff. And I think what the court is really saying is given that the parties voluntarily agreed to fix it, how likely is it that they're going to violate it again and get sued again? That just doesn't, that's not going to happen. So as a prudential, though, determination, a practical determination, so theoretically there could have been this attempt to go around and get your friendly directors onto the board when there wasn't a quorum. I think that was the issue. But the court said, well, we look at mootness from a practical perspective. And so when we look at mootness from a practical perspective, should we think it's likely that Hill Street LLC will? I wouldn't say likely in a sort of preponderance, you know, 50 plus percent. But again, to distinguish, there's two important distinguishing factors between this and Lee. One is I would have to say as a bankruptcy practitioner, we have a saying that's called a Chapter 22, which is two Chapter 11s that follow one after the other. That is not unheard of at all. It's very common. And if you follow airlines at all, several airlines have gone into bankruptcy multiple times. So my position as the company's lawyer is this is, we have reorganized, it's a financially healthy company. Nonetheless, this is a large debt. And it's, Mr. Gaffney for the bank can refresh the exact maturity of it. But I think it's a two-year balloon payment. And so, you know, if the European Union folds and the credit market sees up and there's no ability to refinance, a second bankruptcy is certainly possible. And I think the other aspect of it is this idea of harm. In the case of applying the SAR provisions, the single asset real estate provisions, the very fact of the delay or lack of delay harms one of the parties. If from the bank's perspective, if they're not allowed to force the debtor to propose a plan in a short period of time, the very fact that that time is extended, they've lost one of their rights. From the debtor's perspective, if they're forced to propose a plan quickly, they've been harmed by the very fact of the ruling. So the procedural posture of how long it takes to deal with this is in itself the injury. Whereas in Lee, there wasn't, the delay fixed the problem. It was that delay actually solved the problem. So I think there's both conceptually a difference in that I think the court in Lee is making the practical determination this ain't going to happen again, but also the nature of the injury. In Lee, you have an injury that the delay actually can fix it. In the SAR appeal, the delay or lack of delay from the perspective of the debtor is the injury itself. The inability to obtain the benefits of the provision from the bank's perspective or being denied or the provisions when you shouldn't have to from the debtor's perspective, either way, somebody is losing or gaining a right that they shouldn't have, which will lead me to the actual merits of the appeal. So can you take a minute to talk about the technical issue that the, there is an appeal that you were saying it's not, technically not moved because an appeal is still pending. There's an appeal, two, well technically four appeals pending, but essentially all the same appeal by Mr., Mr. Morello and Maddox, the former principals. Last night, as a matter of fact, I filed motions to dismiss those appeals as moot. My position is they are moot under both a jurisdictional mootness doctrine, which means there's, there's court has no authority to, to grant relief and under what is known as the equitable mootness doctrine, which means even if the court could grant relief, it'd be unfair to do so. As a, I would love for this court to rule in this case that that's correct and those cases are moot and I'll put that in front of Judge Wilson and he would hopefully grant the motion. I think as a technical matter, though, the counterparties to that motion are parties to that appeal. For this court to determine that this is moot because of the confirmation order is sort of jumping the gun on an issue that's got to work its way up. So that would be an alternative basis to find that it's not moot, which is as a technical matter, until Judge Wilson dismisses the appeal and this court upholds the dismissal, there's not a final determination that, that the confirmation order will, cannot be overturned. I think it should be held to be moot, but this court hasn't, hasn't had the opportunity to reach that question. And if we were concerned about that issue and delayed our decision, when, when do you anticipate that that would be resolved? I have, the motion to dismiss is scheduled for January 30th. I'm not in the habit of predicting when Article III judges will, will issue rulings, but, yes, thank you. But, but if there was some way to have it expedited before this court, I would, would be happy to. Well, let's assume for, for now that it's not moot and you present your argument on the merits. Yes. On the merits, this case presents a problem that I think is not, is not unheard of when Congress amends statutes. There's a, there's a definition, definitional issue. And there, in linguistics, there are two kinds of definitions, an artificial definition and a natural definition. And illustrated by the definition of a square is four sides of equal length with 90 degree angles at each corner. And if it doesn't have that, it's not a square. And if it does, it is a square. There's no gray area. The other kind of definition would be a chair. A chair is something you sit on that has legs and a back and it's furniture. But if it doesn't have a back, is it not a chair? If it has a stand instead of legs, something can be a chair without fitting a perfect paradigm of, of what, what we have in our mind a chair is. And Congress gave us the square definition for something that should be defined as a chair. It gave us a, either you meet this or you don't definition for something that really should be, you look at it and you know it's a chair or you know what it isn't. So that's what the courts, the bankruptcy courts have struggled with. It is clear from the legislative history and the structure of the statute that this definition is designed to deal with a very specific thing, which is what we as bankruptcy practitioners would call the single asset real estate debtor or the single asset real estate case. Let me just ask counsel, should congressional intent trump the plain language of the statute? I don't believe, well, I think in some circumstances it should. I don't think it's necessary to reach that issue here. If you'll allow me to kind of walk through how I view the statute, I'm just putting this in context of, it's clear that what Congress was trying to do is to deal with a specific problem, the single asset real estate case. And we all know what a single asset, we as practitioners all know what a single asset real estate case is. It's that single entity, it goes into bankruptcy, the property is underwater, there's no equity in it, but the, but the owner just figures, look, I'll park it in bankruptcy, the property will come back, and if not, I'm not losing anything, all of the loss is going on the bank. It's equally clear that this case, the Murillo-Maddox properties cases, are not that case. Nonetheless, if you just look at the definition, I can see how you say, well, that's too bad, Congress could have defined it a different way. But I actually think that if you really look at the definition, it flips back the other way. And I see I'm running low on time, I would like to reserve a small portion of rebuttal, and I'll just quickly walk through how I'm doing this. Congress did not actually say there's any such thing as a single asset real estate debtor, or a single asset real estate case. That's how we, the practitioners, thought of it, and that's, if you look at the legislative history, that's how it's discussed. That's not actually how Congress defined it. Congress said there is a single asset real estate property. The definition is an act against property. There's no mention of what the debtor is like, or what the case is like. And then if you refer back to the definition of single asset real estate property, which is Section 10151B, the term single asset real estate, that has the definition that I kind of describe as the square. That tells you it is or it isn't. But how it works in this case, when you have the factual findings that this bankruptcy judge made, is when you look closely, it actually, the enterprise theory, actually brings you in the, kicks you out of the definition of single asset real estate, because it says the property which generates substantially all the gross income of a debtor. Well, this court made factual findings about how this whole enterprise worked and included amongst the evidence in the record, and I'm referring to page 12 of the company's opening brief, talks about how this consolidated financial statements, consolidated tax returns. And then going to page 14 of the brief, it refers to how the actual, how the construction and restoration of this property was funded with money from other elements of the enterprise. The money did not just come from 760 South Hill. It didn't just come from the loan from Bank of America. Well, what that means is you have consolidated tax returns. You have a source of funds from other debtors, and you have a company operating as a whole enterprise. That means this debtor, its gross income is no longer solely from this property. It doesn't say solely. It says generates substantially all. Large amounts of money are coming from the enterprise. There's a discussion in the facts about how there's a cash management system where money flows up and is distributed to the subsidiaries. And when there's consolidated taxes, consolidated financial systems, consolidated financial returns, that money is income. It may be booked as an intercompany loan, but if it's forgiven, you have consolidated taxes. That's income. This debtor, because it's operating with other debtors as a consolidated enterprise, is actually falling within the literal definition, is excluded from the literal definition of single-asset real estate because it is getting income from things other than this real estate. You're actually over time, but we will give you a minute for rebuttal. I appreciate it. Thank you very much, Your Honor. Asked you a lot of mootness questions. Good morning, Your Honors. Hearing on behalf of the appellee, I will approach oral argument either way the court prefers as to mootness first part of the substance. Yes. Could you address mootness briefly? Your Honor, it's one of those rare occasions that appellant and appellee agree. I do not believe this is a moot decision. Under the Lee case, and we can refer, we think we have met the parameters, the promissory note that is currently in existence is between exactly the same South Hill Street LLC. As Judge Rehnquist made the comment in the Beldisco decision back in the 1980s, when a party, when an entity goes through Chapter 11, it doesn't become a new magical being. A debtor or an entity, when it becomes a debtor in possession, obtains new status, new powers, new duties, but it's still the same legal entity under state law. The same thing has occurred here. The Delaware entity passed into Chapter 11, it passed out of Chapter 11, and it is still the Delaware LLC. And conversely, on the other side, there is a promissory note that was amended. They still owe over $20 million under this promissory note, and under that promissory note, they are currently just simply paying interest-only payments. I sure assume Mr. Prince is absolutely true. He's calling this no current intent to file Chapter 11. We had hoped the original borrower for the money had the same intent, but it could happen again, which kind of takes us to the important procedural point. Bank of America did not initiate this issue. This issue was initiated when the debtor filed a motion in 54 different cases asking for determination from the bankruptcy court below that none of these entities qualified under the SORA provision, but the bankruptcy code. It is in response to that classification that the bankruptcy court then did it. I believe the judge below knew this was a fairly unique question capable of repetition because she took the added precaution of certifying the issue to this court directly. The court, this court decided not to at that time to take it, and it came up through the normal route through the district court. But there was that concern of, and the capable of repetition and the parties on both sides of the equation are present before the court today. It is also uniquely, as Mr. Prince indicated, capable of repetition. The actual point of that provision of the code deals with time and the problem of time either working in favor of my client, which I'm going to advocate, and Mr. Prince is going to have a longer period of time to file Chapter 11 reorganization plans. I would also point out to the court, this is an issue that has some significance. I picked up a media item on Monday where a party was explaining how great it is that they'd be able to use this doctrine in a slightly different form that's been held in some lower courts, not in this circuit, as a means of doing other things in Chapter 11. This is a doctrine that's around and is being promulgated at least at the lower court levels right now. Are you planning to file an opposition to the motion to dismiss? We could, Your Honor. We thought that that had already been done. I apologize, Your Honor. I thought we had dealt with it. Well, we can certainly, certainly, verbally respond. I thought we had, I guess we did not. I apologize, but I thought that that had already been dealt with. At this point, if the court please, I would go to the substance of the argument. Please go to the merits. With respect to the merits, as I mentioned, there are over 50 entities. Judge Thompson, in the court below, did not simply make a single blanket ruling when the debtor brought on its motion for the declaration of whether SAR classifications apply. She went through an analysis, and as the court is aware, we have two borrowers. On one of our borrowers, she ruled that it did not qualify for SAR. It is reasoned that before this court is exactly her ruling, which appears in Excerpt of Record 21, and where she says, the court agrees with the debtors that the four pieces of real property owned by South Park LLC are not a single project. But then she goes on to the next paragraph. 760 South Hill LLC appears to have the characteristics of a SAR case. That was the finding by the trial court. It is only through the next rest of the paragraph in which she adopts a theory which has no basis in case law as a statute, that a consolidated enterprise theory can take it out of what she has found is the meeting of the statutory definition. Why does this matter? Why would anyone care? The reason is because in bankruptcy, we have two doctrines that work, quite frankly, fairly well when followed. Number one is joint administration. We quite often have cases in which there are many, many entities that are related because they're all essentially working together as you go up the parental tree of companies. And courts have the procedure under the rules and under the statutes to do joint administration, reduce costs for the parties, the time of the court, et cetera. Perfectly logical way of handling everyone's business. There is a separate doctrine, which is called substance consolidation. It is the doctrine in which a bankruptcy court or the federal courts make a determination, something has gone wrong with these corporate entities, and they're no longer going to be kept segregated, and we are going to allow a mass pooling of all of these corporations and deal with it on a substance consolidation area. This is an exceptional doctrine. It is rarely granted. In the Third Circuit case, in dealing with the Dow cases, the Third Circuit went to the extraordinary step of reversing a confirmed plan because they had not met the extreme requirements of substance consolidation. Why does that matter? Because individual underwriters, such as my client here made, made a decision of underwriting on an asset by asset by asset basis. These are not cross-consolidated loans when made. They were separately underwritten on the two different projects. And that's an individual analysis that's required by federal underwriting standards when you do that. And that's, that segregation is important for that standard. When we leave the area that the courts and the statutes have defined of consolidation versus simple administration, we create a dark matter. We create the problem of how, where is the line? How far does consolidated enterprise affect other statutes, not just the SAR, but other issues? Well, could you briefly address opposing counsel's plain language argument that, in fact, in this case, the real property did not generate substantially all of the gross income of the debtor? Well, I have to disagree with counsel on this. This project is a, I'll just go to the record, is a 0.3 acres of land. It's a 92-unit apartment building, and it had ground space for leasing or for commercial space. It was only operating as a real estate building, right? That's exact, in fact, the SAR examples that were commonly used as a situation where you had apartment complexes. I mean, that was your, that was a classic example of where a SAR would exist, is rental income from a piece of property. If I understand opposing counsel correctly, he's saying that the Hill LLC was getting its income from other, from the parent or from other sources. We would beg to differ. What, according to the books and records of the company was, it did receive money, but it was equity investment. This company was at the very top a public company, is a public company. The Hill Street entity goes down the corporate chain, and I do not believe their statements in the schedule will show that these were advanced as loans, that we would take the position they were equity investments. We'd also suggest that even such insider loans is not, not a, even if the debtor had tried to make an attempt to suggest all these various movements of money in and out on an equity basis on a consolidated accounting, somehow gives it the distinction. I think it's missed the point. There are no third-party creditors lending money. It was only Bank of America, and then you had the income in terms of loaning the money to the operation. The debtor was not entering into loan agreements. There were no formal credit agreements, and as they moved money in a consolidated accounting statement where they needed cash, I think under fair accounting treatment, if we had ever actually tried that issue, it would be simply nothing more than equity advances to cover those individual entities, not loans. But was that argument made to the bankruptcy court? No, ma'am. It was not. There was a general representation regarding joint consolidated accounting, but the advances of money were not. There was also consolidated financial statements, which we agree. This is a public, the head company was a public company, and of course, did do its reporting on a consolidated basis, and I think it had to, both for SEC requirements, although I suppose it would have the option in our accounting rights to do so on how it passed it up. They did, however, in their accounting, always, even though they would move money around, segregated ultimately where the income source is. This entity did not generate income except through the leasing or sale of apartment units. They had, at this time, converted to a condominium lease operation, and sales had ceased. They never leased the commercial property during this time period. Thank you. You've used your time, but we'll give you a minute for rebuttal. Thank you. All right. If I may, I have a minute and 30 seconds. I think I can answer one of, one of the bench's questions to my opponent. In regard to the motion to dismiss, I think Mr. Gaffney was thinking of the motion to dismiss this appeal when he said Bank of America had already filed papers, and I think the court was asking about the motion to dismiss the appeal before Judge Wilson. Mr. Gaffney can confirm that Bank of America will actually be supporting that motion to dismiss because they've supported our plan of reorganization. Thank you. My question wasn't clear, and thank you for that clarification. You're welcome, Your Honor. And then to very briefly address the issues, this is turning on a question, another definitional question, which is income. And what counsel for the bank is saying is anything that is not generated internally by this LLC from this real estate is not income, but that's bootstrapping. Because the point is, there's money coming into this LLC from other entities that is clearly not generated by this real estate to characterize it as an equity investment or an intercompany loan when that's not how the enterprise works. The court did make findings about how the enterprise worked. It worked as a whole enterprise with the income from everything being used to fund the activities of everything. And this debtor specifically. Did you raise this argument below? At the time that this was argued, I was representing the minority shareholders who were not in control of the company, so I had no capacity. Well, by you, I mean the lawyer for the entity. I think not in this particular definitional way, but I think implicit in what was, what both the debtor was trying to do and what Judge Thompson was trying to do is what I described. Everyone knows what the single asset real estate definition is supposed to mean, and they're trying to figure out a way to make the square definition fit the chair. I think that Judge Thompson did err in saying that there is an exception, a whole enterprise exception. That's reading something into the statute that isn't there. But I think the decision is supported by the factual findings to just say it falls within the definition, it is excluded from the definition of single asset real estate. So if this court were to rule there is no whole enterprise exception to SAR provisions, but in a case such as this where income is being used by other debtors and flows to this debtor, therefore the real estate does not generate substantially all of the income of the debtor, that is not part of the SAR, and those findings justify that determination. I think that would be the proper outcome. Thank you. Thank you, Your Honor, for the, I appreciate the court's indulgence with the extra time. The case of Merulo Maddox, Property 760 South Hill Street, LLC, versus Bank of America 56128 is submitted. And we'll now hear Merulo Maddox, Properties, versus County of Los Angeles 56256.
judges: Nelson, Gould, Ikuta